UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **DAVID J. SNODGRASS, D.D.S.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 3:08-0107 |
| | ) | Judge Echols |
| **DORAL DENTAL OF TENNESSEE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM

Pending before the Court is the Motion to Compel Arbitration and Stay Case Pending Arbitration (Docket Entry No. 30) filed by Defendant Doral Dental of Tennessee, LLC ("Doral Dental"). Plaintiff David J. Snodgrass, D.D.S., ("Dr. Snodgrass") has responded in opposition to that motion. (Docket Entry No. 32).

## I. FACTUAL BACKGROUND[1]

Dr. Snodgrass, a Tennessee dentist, was a provider of pediatric dental services for Doral Dental, a dental plan administrator which administers dental programs of TennCare. Since 1998, Dr. Snodgrass has been a vocal opponent of the administration of the TennCare dental program. Over the years, he has publicized what he believes to be unfair contracting processes and unfair reimbursement rates of Doral Dental. Dr. Snodgrass has aired his complaints publicly, with members of the Tennessee legislature, and with Doral Dental representatives.

---

[1]The only "facts" before the Court are the allegations contained in Plaintiff's Amended Complaint (Docket Entry No. 11). A more detailed description of the factual allegations underlying this case can be found in this Court's Order and Memorandum which addressed Defendant's Motion to Dismiss the Amended Complaint. See, Snodgrass v. Doral Dental, 2008 WL 2718911 (M.D. Tenn. 2008).

1

Allegedly in response to the increased criticism, Doral Dental accused Dr. Snodgrass in 2002 of billing for services not provided and for the improper utilization of stainless steel crowns. After peer review by the Nashville Dental Society, Dr. Snodgrass was absolved of any wrongdoing. Nevertheless, the dispute between Dr. Snodgrass and Doral Dental continued.

Shortly after Dr. Snodgrass wrote Governor Phil Bredesen and Manny Martins of TennCare, expressing concern about the management of the TennCare dental program by Doral Dental, Doral Dental terminated Dr. Snodgrass's provider agreement on July 9, 2003, without any explanation. This termination affected not only Dr. Snodgrass, but also the associate dentists and orthodontists in his office. The termination decision did not sit well with Dr. Snodgrass's patients, many of whom expressed their displeasure by contacting the Governor's office and the director of TennCare. The termination decision was also aired in the local media.

On February 19, 2007, Dr. Snodgrass submitted an application to Doral Dental for credentialing as a dental provider under the TennCare program. On February 27, 2007, Doral Dental notified Dr. Snodgrass that it would not accept his application given the termination decision in 2003.

Based upon these events, Dr. Snodgrass filed suit in this Court pursuant to 42 U.S.C. § 1983 alleging he was deprived of clearly established rights and privileges guaranteed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. He also claimed that Doral Dental retaliated against him for being a vocal critic and that his criticism was protected speech under the First Amendment.

Doral Dental filed a Motion to Dismiss which Dr. Snodgrass opposed. On July 10, 2008, this Court entered an Order which dismissed Dr. Snodgrass's Fourteenth Amendment Due Process

claim because he had no property right in being a TennCare provider. However, the Court refused to dismiss Dr. Snodgrass's retaliation claim under the First Amendment. The Motion to Compel Arbitration and Stay Pending Arbitration followed.

## II. LEGAL ANALYSIS

Doral Dental seeks to compel arbitration based upon a provision of the Dental Provider Service Agreement ("Provider Agreement"). In seeking arbitration, Doral Dental invokes both the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.*, and the Tennessee Uniform Arbitration Act, T.C.A. § 29-5-301, *et seq.* ("TUAA").

It is settled that "federal law favors arbitration." Landis v. Pinnacle Eye Care, LLC, 2008 WL 3257618, *2 (6th Cir. 2008). Indeed, the Supreme Court has interpreted the Federal Arbitration Act as establishing "as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983).

Despite the preference for arbitration, the Sixth Circuit "has frequently noted, 'the federal policy in favor of arbitration is not an absolute one.'" Panepucci v. Honigman Miller Schartz & Cohn LLP, 2008 WL 2467979 *3 (6th Cir. 2008)(citation omitted). This is because "[a]rbitration under the Federal Arbitration Act is 'a matter of consent, not coercion.'" Id. As a consequence, "'one cannot be required to submit to arbitration a dispute it has not agreed to submit to arbitration." Id.

In determining whether or not one has agreed to arbitrate a dispute, a court is to look to the agreement. "While ambiguities in the language of the agreement should be resolved in favor of arbitration," a court should "not override the clear intent of the parties, or reach a result inconsistent

3

with the plain text of the contract simply because the policy favoring arbitration in implicated."

EEOC v. Waffle House, Inc., 534 U.S. 279, 294 (2002).[2]

In seeking to compel arbitration, Doral Dental relies upon the following provision of the Provider Agreement:

> If a dispute arises between the parties involving a contention by one party that the other has failed to perform its obligations and responsibilities under this Agreement, then the party making such contention shall promptly give notice to the other. Such notice shall set forth in detail, the basis for the party's contention, and shall be sent by Certified Mail – Return Receipt Requested. The other party shall within thirty (30) calendar days of receipt of the notice provide a written response seeking to satisfy the party that gave notice regarding the matters as to which notice was given. Following such response, or the failure of the second party to respond to the compliant (sic) of the first party within thirty (30) calendar days, if the party that gave notice of dissatisfaction remains dissatisfied, then the party shall so notify the other party and the matter shall be promptly submitted to inexpensive and binding arbitration in accordance with the Tennessee Uniform Arbitration Act at Tennessee Code Annotated Section 29-5-301 et seq.

(Docket Entry No. 31-1). Dr. Snodgrass signed the Provider Agreement in September 1997, and Scott R. Laihinen, Director of Network Development, signed the agreement on behalf of Doral Dental in February 1998.

Doral Dental argues that Dr. Snodgrass's First Amendment retaliation claim fits within the purview of the arbitration clause arguing that "the gravamen of Dr. Snodgrass's remaining claim is that Doral Dental wrongfully terminated him from its network and, as such, he is owed damages based upon the fact that he was not receiving the benefits of the Agreement." (Docket Entry No. 31

---

[2]The TUAA likewise sets forth a preference for arbitration of arbitrable claims, but recognizes that parties cannot be compelled to arbitrate any dispute that he or she has not agreed to arbitrate. See, Raines v. Nat'l Health Corp., 2007 WL 4322063 *3 (Tenn. Ct. App. 2007); Bailey v. American Gen'l Life, 2005 WL 3557840 *6 (Tenn. Ct. App. 2005)(both collecting cases). Therefore, the Court perceives no reason to make a separate analysis of the Motion to Compel Arbitration under the FAA and the TUAA.

4

at 3-4). Doral Dental goes on to assert that "Dr. Snodgrass should not be permitted to avoid his contractual obligation to arbitrate by simply cloaking his contract claim in constitutional clothes." (Id. at 4).

In the Court's view, this is a strained reading of both the Provider Agreement and Dr. Snodgrass's contentions. In neither of his constitutional claims did Dr. Snodgrass assert that this lawsuit arose out of a dispute involving Doral Dental's failure to perform its obligations and responsibilities under the Provider Agreement. Instead, his contention throughout has been that Doral Dental retaliated against him and those in his practice as a result of his criticism regarding Doral Dental's management and administration of the TennCare dental program. The arbitration language in the Provider Agreement (which dates back more than a decade) suggests that neither Doral Dental nor Dr. Snodgrass ever contemplated the submission of constitutional claims to arbitration. Instead, the Provider Agreement only contemplated the submission of disputes arising from the failure to perform duties and obligations under the Provider Agreement. Doral Dental, as the drafter of the agreement, could have included language which would cover the present type of dispute (or even more broadly, any and all claims between the parties as a result of their relationship), as being subject to arbitration, but did not do so.

Moreover, the posture Doral Dental has taken in this lawsuit is inconsistent with its present contention that this case is subject to arbitration. An agreement to arbitrate may be waived by the actions of a party which are inconsistent with any reliance on the agreement. General Star Nat'l Ins. Co. v. Administratia Asigurarilor de Stat, 289 F.3d 434, 438 (6th Cir. 2002). "A party acts inconsistently with its right to arbitrate if the party 'substantially invoke[s] the litigation machinery before asserting its arbitration right.'" Lewallen v. Green Tree Servicing, LLC, 487 F.3d 1085, 1090

5

(8th Cir. 2007)(citation omitted). Although waiver should not be lightly inferred, a waiver can be found where a party delays its assertion of arbitration to such an extent that the opposing party incurs actual prejudice, such as where the party delays the invocation of the right to arbitrate to the extent that the opposing party incurs unnecessary delay or expense. O.J. Distributing, Inc. v. Hornell Brewing Co., Inc., 340 F.3d 345, 356 (6th Cir. 2003). Id.

The general nature of Dr. Snodgrass's claims were known to Doral Dental at the time the Complaint was filed and it surely was aware of the arbitration clause in its standard Provider Agreement. At the outset of the litigation, Doral Dental could have easily determined from the Complaint whether it wanted the case arbitrated. Nevertheless, it chose not to invoke the arbitration clause in response to the filing of the Complaint, but instead filed a Motion to Dismiss for failure to state a claim. Thereafter, Dr. Snodgrass filed an Amended Complaint and, in response thereto, Doral Dental did not invoke the parties' agreement to arbitrate, but instead chose again to file a Motion to Dismiss for failure to state a claim. While the Motions to Dismiss were pending, Doral Dental participated in drafting a proposed Case Management Order, but nowhere in that document, which includes each party's theory of the case, was there any mention of the case being subject to arbitration. It was only after this Court issued its rulings on the Motion to Dismiss that Doral Dental first mentioned the arbitrability of this case when it filed its Answer to the Amended Complaint.

Defendant waited six months after this case was brought to file its Motion to Compel Arbitration. It requested arbitration only after it found out that it was not successful in its efforts to dismiss the action for failure to state a claim, perhaps then believing that arbitration might be the better course. Doral Dental's delayed request is inconsistent with the right to arbitrate and caused actual prejudice to Dr. Snodgrass because he was twice-required to respond to Motions to Dismiss

6

which Doral Dental filed, and was otherwise required to participate in this litigation. See, Ritzel Comm., Inc. v. Mid-American Cellular Tele. Co., 989 F.2d 966, 969 (8th Cir. 1993)(filing a "motion for dismissal represents a substantial, active invocation of the litigation process" because the party filing the motion "initiated steps in the litigation and required responsive actions by [the opponent] rather than immediately demanding arbitration").

### III. CONCLUSION

On the basis of the foregoing, the "Motion of Doral Dental of Tennessee, LLC to Compel Arbitration and Stay Case Pending Arbitration" (Docket Entry No. 30) will be denied and the case will be returned to the Magistrate Judge for further pretrial management.

An appropriate Order will be entered.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE